# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

United States of America,

v.                                                           Case No. 2:10-cr-192

R. Scott Firman,                                     Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Defendant moves for early termination of his supervised release. ECF No. 33. The Court may terminate supervision after a period of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). Section 3583(e) directs the Court to consider the § 3553(a) factors in making its decision.[1]

Defendant pleaded guilty to one count of possession of child pornography. Plea Agreement, ECF No. 2. The Presentence Investigation Report ("PSR") explains that Defendant possessed between 300 and 600 images of child pornography; several images involved children engaging in sexual acts,

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission; and (7) the need to avoid unwarranted sentence disparities; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

bestiality, and bondage. PSR. ¶¶ 11–14. Defendant admitted to sharing images of his step-daughter in a swimsuit, in exchange for other illicit images. *Id.* ¶ 11. Defendant's conviction carried, *inter alia*, a statutory maximum sentence of ten years' imprisonment. *Id.* at 1. Defendant's guidelines range was 121–151 months' imprisonment. *Id.* at 21. At sentencing, the Court imposed a sentence of 63 months' imprisonment, a ten-year term of supervised release, and $2,000.00 in restitution. Judgment, ECF No. 24.

In his motion, Defendant represents that he has completed eight years of supervised release, is considered a "low maintenance" supervisee, and has otherwise complied with his terms of supervision. ECF No. 33. Defendant also explains that he is dealing with significant health issues. *Id.* Defendant represents that he would like to be off of supervision so that he can travel without needing prior approval and to avoid the computer monitoring fee. *Id.*

Upon consideration of the relevant 18 U.S.C. § 3553(a) factors, the Court finds early termination of supervised released unwarranted. First, the nature and circumstances of the offense are serious. Defendant committed a serious crime: possessing child pornography. The fact that the offense involved so many images depicting children engaging in sexual acts, bestiality, and bondage makes the offense especially serious and weighs heavily against termination.

Defendant's history and characteristics slightly support termination but are outweighed by the other § 3553(a) factors. Defendant has performed admirably with his conditions of supervision and is building strong, positive relationships.

Mot., ECF No. 33. Balancing these facts about Defendant's history and characteristics leads the Court to find that this factor weighs very slightly in favor of termination, but the weight is not strong enough to overcome the other § 3553(a) factors that weigh against termination.

Finally, the need for adequate deterrence both for Defendant and for the public, and the need to protect the public weigh against termination. As noted above, this is a serious offense involving hundreds of images of child pornography. Defendant served a term of incarceration significantly below his Guidelines range; the Court finds that additional time on supervised release is necessary to continue to deter Defendant from re-engaging in criminal activity, to deter the public from engaging in similar crimes, and to protect the public from further criminal activity from Defendant.

For these reasons, the Court is not satisfied that terminating Defendant's term of supervised release "is warranted by the conduct of the defendant released and in the interest of justice." See 18 U.S.C. § 3583(e). Thus, Defendant's motion is hereby **DENIED**.

**IT IS SO ORDERED.**

*[Signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**